**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DEREK HORRELL** **PLAINTIFF**

**V.** **No. 3:25-CV-00245-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner** **DEFENDANT**

**ORDER[1]**

Plaintiff Derek Horrell appeals the Social Security Administration Commissioner's final decision denying his application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I. Background

On November 17, 2021, Mr. Horrell filed an application for benefits due to diabetes, pancreatitis, chronic diarrhea, bloating, severe gas, weight loss, neck issues, arthritis, depression, and post-traumatic stress disorder. *Tr. 220, 488.*

Mr. Horrell's claim was denied initially and upon reconsideration. At Mr. Horrell's request, an Administrative Law Judge ("ALJ") held a hearing on November 1, 2023, where Mr. Horrell appeared with his lawyer, and the ALJ heard testimony from Mr. Horrell and a vocational expert ("VE"). *Tr. 146-172.* On November 21, 2023, the ALJ issued a decision finding that Mr. Horrell was not

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 5.*

disabled. *Tr. 220-232.* On September 23, 2024, the Appeals Council remanded the ALJ's decision for further consideration. *Tr. 239-244.*

The ALJ held a second hearing on June 6, 2025, where Mr. Horrell again appeared with his lawyer, and the ALJ heard testimony from Mr. Horrell and a VE. *Tr. 111-145.* On July 24, 2025, the ALJ issued a decision finding that Mr. Horrell was not disabled. *Tr. 13-39*. The Appeals Council denied Mr. Horrell's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Mr. Horrell, who was almost forty-eight years old at the time of the hearing, has a GED and no past relevant work experience. *Tr. 116, 140.*

## II. The ALJ's Decision[2]

The ALJ found that Mr. Horrell had not engaged in substantial gainful activity since the amended alleged onset date of May 20, 2020. *Tr. 16.* The ALJ also concluded that Mr. Horrell had the following severe impairments: diabetes mellitus, neuropathy, chronic pancreatitis from alcohol (status: post-stenting), pancreatic pseudo cystectomy, gastroparesis with nasogastric tube replacement, lumbar degenerative disc disease, cervical degenerative disc disease with a C1-2

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

fracture and fusion, asthma, depressive disorder, and generalized anxiety disorder. *Tr. 16-17.* However, the ALJ concluded that Mr. Horrell did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18.*

According to the ALJ, Mr. Horrell had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional climbing of ramps and stairs, stooping, crouching, kneeling, and crawling; (2) frequent bilateral overhead reaching; (3) must avoid concentrated exposure to excessive vibration, unprotected heights, and hazardous machinery; (4) can use judgment to make simple work-related decision; (5) can maintain concentration, persistence, and pace for simple tasks; (6) can understand, carry out, and remember simple work instructions and procedures; (7) can adapt to changes in the work setting that are simple, predictable, and easily explained; and (8) occasional interaction with coworkers, supervisors, and the public. *Tr. 20*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Horrell could perform, including assembler, subassembler, addresser, and escort driver. *Tr. 38, 141-142.* Accordingly, the ALJ determined that Mr. Horrell was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Mr. Horrell's Arguments for Reversal

Mr. Horrell contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) did not consider Mr. Horrell's need for numerous bathroom breaks and work absences; and (2) failed to develop the record regarding work-related limitations from the combined effects of Mr. Horrell's multiple impairments. *Doc. 10 at 56, 63.*

### C. Analysis

#### 1. Work Absences and Bathroom Breaks

Mr. Horrell argues that his impairments “require multiple work absences and additional workday breaks, neither of which were considered by the ALJ.” *Doc. 10 at 56*.

Mr. Horrell bears the burden of proving his RFC, which represents the most he can do despite the combined effects of his credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). “It is the ALJ’s responsibility to determine a claimant’s RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant’s own descriptions of her limitations.” *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant’s symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a).

Normally, the Court should defer to an ALJ’s assessment of the claimant’s subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ’s brevity is not reversible error so long as the ALJ’s reasoning allows for “appropriate judicial review.” *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant’s daily

activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Horrell's complaints and the record. In finding that Mr. Horrell could perform light work with some limitations, the ALJ specifically considered that Mr. Horrell "alleged constant and unpredictable loss of bowel control with 10-15 trips to the restroom per day" and that he had been "in the hospital eight time since January 2025." *Tr. 21.* However, the ALJ concluded that the record evidence did not support Mr. Horrell's claim that he requires excessive restroom breaks or work absences. *Tr. 32.* The record is replete with evidence supporting this finding. A few examples: (1) the ALJ noted "ongoing issues with medication and dietary compliance" during the relevant period and specifically

pointed out numerous places in the record where the emergencies – both to the bathroom and the ER – appeared to be directly related to noncompliance with medications and treatment; (2) substance use and poorly controlled blood sugars were "triggers for his episodes of worsening gastroparesis" and "exacerbating his symptoms"; (3) noncompliant diabetes dietary habits "triggered his recurrent events"; and (4) complaints of pain are made "after apparently using methamphetamines." *Tr. 27, 32, 2303, 2305, 2314, 2315.* As the ALJ noted, Mr. Horrell's failure to abstain from methamphetamine, properly take his medications, and consume a proper diet were significant factors in the exacerbation of his symptoms. A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. See *Holley v. Massanari,* 253 F.3d 1088, 1092 (8th Cir. 2001); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's subjective complaints of disability).

When Mr. Horrell was medication compliant (and not using methamphetamine), he reported no issues regarding excessive bathroom usage or the need for emergency care. For example, Mr. Horrell reported that "compliance with Creon . . . controlled the symptoms [of his gastro-intestinal issues] as long as he is taking the medication." *Tr. 27, 1830, 1831.* Improvement in a condition supports an ALJ's finding that a claimant is not disabled. See *Duvall v. Bisignano*,

No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992). Additionally, "[a]n impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

The ALJ properly listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Mr. Horrell was not disabled. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records).

The record contains substantial evidence to support the ALJ's finding that Mr. Horrell could perform a reduced range of light work.

**2. Develop the Record**

Mr. Horrell contends that the ALJ failed to develop the record regarding work-related limitations from the combined effects of his multiple impairments. *Doc. 10 at 63-67.* Specifically, Mr. Horrell argues that the RFC "contains no nonexertional limitations specifically accounting for" his severe gastrointestinal impairments, including uncontrolled diabetes, gastroparesis, and chronic pancreatitis.

This argument is a rehash of Mr. Horrell's first claim regarding his need for excessive bathroom breaks or absences and boils down to his disagreement with the

ALJ's interpretation of the evidence of record. The Court's task is not to determine whether substantial evidence supports Mr. Horrell's claim, but to assess whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

An ALJ has a basic duty to develop a reasonably complete record. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). Mr. Horrell "has the burden to offer the evidence necessary to make a valid decision about [his] claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). He "bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 F. App'x 200, 204 (8th Cir. 2007). Although "an ALJ does have a duty to develop the record, this duty is not never-ending . . . ." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

Notably, Mr. Horrell fails to even suggest what additional non-exertional limitations were needed, other than the previously discussed bathroom breaks and absences. Again, the ALJ considered the relevant evidence of record, including

objective findings, medical opinions, and Mr. Horrell's testimony. *Tr. 21-37.* "To the extent the ALJ did not adopt all of the limitations [Mr. Horrell] stated in [his] testimony, it is reasonable to believe that the ALJ found that [he] was not that limited." *Eldred v. Saul*, No. 19-05075-CV-SW-MDH-SSA, 2020 WL 7138623, at *3 (W.D. Mo. Dec. 7, 2020).

Additionally, as the ALJ noted, Mr. Horrell's treatment providers repeatedly recommended "exercise on most days of the week . . . ." *Tr. 24, 29, 31, 1716, 2335, 2336, 2365*. "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

There was no major issue that required further development and Mr. Horrell has not demonstrated reversible error on this record.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Mr. Horrell's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 14 August 2026.

UNITED STATES MAGISTRATE JUDGE